IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **Central Mutual Insurance,** | Case No. 1:24-cv-1040 |
| Plaintiff, | |
| -vs- | **JUDGE PAMELA A. BARKER** |
| **Niram Incorporated, et al.,** | **MEMORANDUM ORDER AND OPINION** |
| Defendants. | |

Currently pending is the Motion to Dismiss of Defendant Plastics Machinery Group, Inc. ("PMG"), filed on August 23, 2024, and brought pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6) (the "Motion"). Plaintiff Central Mutual Insurance Company ("Plaintiff" or "CMI") filed a Brief in Opposition on September 27, 2024, to which PMG filed its Reply Brief on October 11, 2024.

For the following reasons, PMG's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) (Doc. No. 8) is GRANTED.

I. **Background**

A. **Factual Allegations**

On June 20, 2024, CMI filed a Complaint in this Court against Niram Incorporated ("Niram"), PMG, and Gregory David Wojciechowski ("Wojciechowski") (Doc. No. 1 at PageID # 1.) Therein, CMI alleges the following facts.

On June 9, 2022, CMI issued to Jerico Plastic Industries, Inc. ("Jerico") an insurance policy with a coverage limit of $50,000 to cover an upcoming shipment of a used plastics extruder machine

(the "Machine") (*Id.* at PageID # 3, ¶ 9.)[1] On June 17, 2022, through the brokerage services of PMG, Jerico executed an Agreement to Purchase the Machine for $225,000 from an unidentified company in North Carolina ("the Agreement"). (*Id.* at PageID # 3, ¶ 9; Doc. No. 1-2 at PageID #s 11-17.) Pursuant to the Agreement, PMG "arranged the sale and transportation of" the Machine from North Carolina to Jerico's facility, located at 250 Bridge Street, Bldg. 92, Minerva, Ohio 44657 (Doc. No. 1 at PageID # 3, ¶ 9; Doc. No. 1-2 at PageID #s 11, 15.)

On or before June 24, 2022, PMG dismantled and loaded the Machine onto a truck owned by Niram and operated by Niram's employee, Wojciechowski, for shipment to Jerico. (Doc. No. 1 at PageID # 2, ¶ 5; *Id*. at PageID # 3, ¶ 10.) While passing through West Virginia on June 24, 2022, the truck tipped over, resulting in the Machine spilling onto the highway and "severely damaging the Machine." (*Id.* at PageID # 3, ¶11.) Jerico submitted an insurance claim to CMI for the damaged Machine, and CMI paid Jerico the $50,000 coverage limit. (*Id.* at PageID # 3, ¶ 12.) By making this $50,000 payment to Jerico, CMI became subrogated to Jerico's rights and claims, specifically the $50,000 it paid to Jerico, plus statutory interest from the date of the judgment and costs. (*Id.* at PageID # 6, ¶¶ 35-36.)

B. **Procedural History**

On June 20, 2024, CMI filed its Complaint against Niram, PMG and Wojciechowski.[2] (*Id.* at PageID # 1.) As the grounds for this Court's jurisdiction, CMI invokes the Carmack Amendment, 49 U.S.C. § 14706, alleging as follows:

---

[1] The Machine is identified as a 75mm Berstorff Extruder. (Doc. No. 1-2 at PageID # 11.)
[2] The Court has dismissed Niram and Wojciechowski due to CMI's failure to timely perfect service on them. (Non-Doc Entry of Dec. 17, 2024; Non-Doc Entry of Jan. 10, 2025.) Accordingly, PMG is the only remaining party in this action.

> 6. This Court has jurisdiction over this Civil Action pursuant to the Carmack Amendment, 49 U.S. Code § 14706(d), since the subject loss resulted in whole or in part from the conduct of Wojciechowski, who was acting in the course and scope of his employment with Niram, as well as the conduct of agents and/or employees of PMG.
>
> 7. Upon information and belief, Niram and PMG are "carriers" subject to jurisdiction under 49 U.S. Code § 14706, because Niram, through its employee Wojciechowski, transported and delivered the subject property, and PMG had prepared and loaded the subject property for shipment by Niram.

(Doc. No. 1 at PageID # 2, ¶ 6-7.)

The Complaint sets forth (6) counts: (1) Negligence of Wojciechowski, (2) Negligence of PMG, (3) Vicarious Liability, (4) Bailment, (5) Breach of Contract, and (6) Damages. (*Id.* at PageID #s 3-6, ¶¶ 14-36.) CMI seeks a "Judgment against Defendants, jointly and severally, in the amount of $50,000 with statutory interest from the date of judgment plus costs of this action." (*Id.* at PageID #s 6-7, ¶ 36.)

On August 23, 2024, PMG filed a Motion to Dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6) ("the Motion"). (Doc. No. 8.) As relevant to this Opinion granting PMG's Motion, PMG argues that the Court lacks federal-question jurisdiction because CMI failed to assert a federal claim and lacks diversity jurisdiction because CMI's requested relief of $50,000 falls short of the $75,000 amount-in-controversy requirement. (*Id.* at PageID #s 60, 63-65.)

On September 27, 2024, CMI filed its Brief in Opposition. (Doc. No. 12.) In response to PMG's arguments under Rule 12(b)(1), CMI asserts that it references the Carmack Amendment in the jurisdictional component of its Complaint, which it contends "provide[s] a short and plain statement of the grounds for this Court's jurisdiction." (*Id.* at PageID # 90.) CMI argues that the Complaint establishes the three legal elements to make the "prima facie case in a legal action under the Carmack Amendment," "throughout" its Complaint. (*Id.* at PageID #s 91-92.)

3

On October 11, 2024, PMG filed its Reply Brief. (Doc. No. 13.) Therein, PMG points to CMI's admission that CMI did not explicitly plead a claim under the Carmack Amendment, which PMG describes as an erroneous request for this Court to "interpret [CMI's] Complaint as containing a hidden claim brought under the Carmack Amendment." (*Id.* at PageID # 186.) PMG reiterates that without an expressly stated claim for relief under the Carmack Amendment, PMG has not pled a federal claim over which this Court can assert subject-matter jurisdiction. (*Id.* at PageID # 187.)

## II.     Fed. R. Civ. P. 12(b)(1) Legal Standard

PMG moves to dismiss the Complaint pursuant to both Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6). (Doc. No. 8.) A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) challenges the subject-matter jurisdiction of the court. *See* Fed. R. Civ. P. 12(b)(1). Because federal courts are "courts of limited jurisdiction," *McGhee v. Light*, 384 F. Supp. 3d 894, 896 (S.D. Ohio 2019) (quoting *EBI-Detroit, Inc. v. City of Detroit*, 279 F. App'x 340, 344 (6th Cir. 2008)), "a federal court that lacks subject-matter jurisdiction 'lacks the power to hear a case.'" *Chapman v. Seuffert*, 713 F. Supp. 3d 425, 433 (N.D. Ohio 2024). That limited jurisdiction "comes in two flavors: federal question jurisdiction and diversity jurisdiction." *Hernandez v. Adel*, 2021 WL 4748781 at *1 (D. Ariz. Oct. 12, 2021); *see also Domann v. Frontier Airlines, Inc.*, 2024 WL 639601 at *2 (N.D. Ohio Feb. 15, 2024). A district court must accordingly dismiss an action if it lacks both federal-question and diversity jurisdiction. *See Admiral Ins. Co. v. Fire-Dex, LLC*, 2022 WL 16552973 at *3 (N.D. Ohio Oct. 31, 2022), *aff'd*, 2023 WL 3963623 (6th Cir. June 13, 2023).

"The standard of review of a 12(b)(1) motion to dismiss for lack of subject matter jurisdiction depends on whether the defendant makes a facial or factual challenge to subject matter jurisdiction." *Id.* When a defendant mounts a "facial attack" on the Complaint by challenging only "the sufficiency

4

of the pleading"—as PMG does here—the district court assumes the allegations in the Complaint are true. *See Gentek Bldg. Prod., Inc., v. Sherwin Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2017). "If the allegations in the Complaint establish federal claims, the exercise of subject-matter jurisdiction is proper." *Rote v. Zel Custom Mfg. LLC*, 816 F.3d 383, 387 (6th Cir. 2016).

While PMG also moves to dismiss CMI's Complaint pursuant to Fed. R. Civ. P. 12(b)(6), "[t]he Court must first address [the] 12(b)(1) motion because the Court has no power to consider a Rule 12(b)(6) motion if it lacks subject-matter jurisdiction." *Farm Bureau Gen. Ins. Co. of Michigan v. Schneider Nat'l Carriers*, 552 F. Supp. 3d 750, 754 (S.D. Ohio 2021) (citing *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990)); *Benson v. Human Resource Dep't*, 2022 WL 624516 at *1 (N.D. Ohio Mar. 3, 2022). Because the Court concludes that it lacks subject-matter jurisdiction over this action, the Court "need not reach any substantive issues raised under Rule 12(b)(6)." *Weaver v. N. Am. Power & Gas LLC*, 2020 WL 109163 at *4 (N.D. Ohio Jan. 9, 2020).

### III. Analysis

#### A. Lack of Federal-Question Jurisdiction

Article III of the United States Constitution extends the jurisdiction of the federal courts to "Cases, in Law and Equity, arising under . . . the Laws of the United States[.]" U.S. Const., art. III, § 2. Congress, in turn, has granted federal district courts federal-question jurisdiction, i.e., the "original jurisdiction of civil actions arising under the . . . laws . . . of the United States." 28 U.S.C. § 1331. Therefore, federal-question jurisdiction "requires a cause of action 'arising under' federal law." *Clarke v. Pollan*, 2024 WL 4903806 at *2 (6th Cir. Nov. 27, 2024) (citing 28 U.S.C. § 1331). "It is long settled law that a cause of action arises under federal law only when the plaintiff's well-

pleaded complaint raises issues of federal law." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). "This rule requires a court to determine whether a plaintiff's factual allegations, as pled, set forth a claim for relief under federal law." *Hopkins v. Mercy Health Springfield Reg'l Med. Ctr.*, 2023 WL 8481583 at *3 (S.D. Ohio Nov. 21, 2023); *see also Miller v. Bruenger*, 949 F.3d 986, 990 (6th Cir. 2020) ("Whether a cause of action arises under federal law must be apparent from the face of the 'well-pleaded complaint.'"). Therefore, "the Court determines the existence of a federal question by whether the complaint, on its face, states a 'well-pleaded' federal claim." *Howard v. City of Atlanta*, 2007 WL 3169707 at *2 (N.D. Ga. Oct. 25, 2007) (quoting *Caterpillar v. Williams*, 482 U.S. 386, 392 (1987)).

The core issue raised by the Motion is whether this Court can exercise federal-question jurisdiction over an action where the plaintiff alleges jurisdiction based on the Carmack Amendment but fails to expressly assert a Carmack Amendment claim, [3] even if the plaintiff alleges the elements "throughout" the state-law claims it does assert.[4] (Doc. No. 12 at PageID # 91.) The Court concludes

---

[3] To assert a claim under the Carmack Amendment, the plaintiff must show three elements: "(1) that the initial ("receiving") carrier received the cargo in good condition, (2) that the cargo was lost or damaged, and (3) the amount of actual loss or damages." *CNA Ins. Co. v. Hyundai Merch. Marine Co.*, 747 F.3d 339, 353 (6th Cir. 2014) (citing *Missouri Pac. R. R. Co. v. Elmore & Stahl*, 377 U.S. 134, 138 (1964)); *see also Carrier Services Group, Inc. v. Shneider Logistics*, Inc., 2017 WL 4271872 at *2 (N.D. Ohio Sept. 26, 2017).

[4] As noted above, the Complaint expressly sets forth six (6) counts: (1) Negligence of Wojciechowski, (2) Negligence of PMG, (3) Vicarious Liability, (4) Bailment, (5) Breach of Contract, and (6) Damages. (Doc. No. 1 at Page #s 3-6, ¶¶ 14-36.) CMI's negligence, bailment, and breach of contract claims are all predicated on state-law causes of actions. *See Manning v. Henderson*, 2024 WL 757097 at *5 (N.D. Ohio Feb. 23, 2024) ("Negligence is a state law cause of action."); *Exel, Inc. v. S. Refrigerated Transp., Inc.*, 2012 WL 3064106 at *2 (S.D. Ohio July 27, 2012) ("Counts I and II are state-law breach of contract and bailment claims."); *Dunkirk Ltd. P'ship v. TJX Companies, Inc.*, 139 B.R. 643, 646 (N.D. Ohio 1992) ("[T]he complaint recites only a cause of action based on state law, namely, breach of contract."); *Whitacre v. Nations Lending Corp.*, 2019 WL 3477262 at *5 (N.D. Ohio July 31, 2019) ("Plaintiff also alleges ten causes of action under state law: (1) breach of contract . . ."); *Kelly v. Citibank*, 2006 WL 2385330 at *2 (N.D. Ohio Aug. 16, 2006) ("[The Plaintiff] also includes causes of action, such as breach of contract, which would arise under state law."). Vicarious liability and damages are not freestanding causes of action at all. Rather, vicarious liability is a theory of liability imputing liability from an agent to a principal. *See Mason v. TAP Pharm. Prod., Inc.*, 2015 WL 4898227 at *2 (N.D. Ohio Aug. 17, 2015) ("[T]o the extent Plaintiff alleges a claim for vicarious liability against [the defendant], that claim also fails. Vicarious liability is a theory of imposing liability on a principal for the actions of an agent."). Damages, of course, are

that it cannot do so for two reasons. First, clear precedent from this Court and other district courts establishes that state-law claims "do not translate magically to a federal claim under the Carmack Amendment." *Carr v. Olympian Moving & Storage*, 2006 WL 2294873 at *2 (N.D. Ohio June 6, 2006). Second, Fed. R. Civ. P. 8(a)(2) and 10(b) require CMI to organize a claim into a "short and plain statement of the claim" in a "separate count," but CMI has not done so. *See* Fed. R. Civ. P. 8(a)(2); Fed. R. Civ. P. 10(b). Therefore, the Complaint is devoid of a claim under the Carmack Amendment and CMI has failed to properly invoke this Court's federal-question jurisdiction under 28 U.S.C. § 1331.

### 1. Precedent Regarding Pleading a Carmack Amendment Claim

As PMG rightly points out, (Doc. No. 13 at PageID #s 186-187), this Court has rejected similar attempts by plaintiffs who seek to retroactively reconstruct a federal Carmack Amendment claim from the allegations of their preempted state law claims:

> Plaintiff's claims are based on state common law causes of action, not the Carmack Amendment. Plaintiff now argues the Complaint contains sufficient facts to put Defendants on 'fair notice' creating the specter of a claim under the Carmack Amendment sufficient to withstand Defendants' Motion to Dismiss. This eleventh hour sleight of hand fails. . . . The Carmack Amendment is the sole remedy available to a shipper seeking damages from a carrier resulting from the interstate shipment of goods. The Amendment is written clearly and has nearly a century of precedent defining its scope. The state common law causes of action asserted by the Plaintiff do not translate magically to a federal claim under the Carmack Amendment; instead, the underlying complaint must explicitly plead claims pursuant to the Carmack Amendment.

*Carr*, 2006 WL 2294873 at *2 (citations omitted) (dismissing state-law claims); *see also Frankenmuth Mut. Ins. Co. v. D.J. Franzen*, 2008 WL 3836535 at *1 (N.D. Ohio Aug. 12, 2008)

---

available as a remedy awarded for success on the merits of a legal claim, but not the basis of an independent cause of action. *See Kaiser v. Buckeye Youth Ctr.*, 812 F. Supp. 118, 120 (S.D. Ohio 1993) ("[C]onsequential, compensatory damages are a remedy at law."); 22 Am. Jur. 2d *Damages* § 4 (2024) ("A request for damages does not constitute a cause of action; rather, damages are a remedy for an illegal wrong.").

(reiterating that the "state common law cause of action asserted by the plaintiff cannot be translated into a federal claim; the complaint must explicitly plead a claim pursuant to the Carmack Amendment.") (dismissing state-law claims); *Acuity v. YRC Inc.*, 2013 WL 646218 at *4 (N.D. Ohio Feb. 20, 2013) (Lioi, J.) ("Plaintiff does not dispute this well settled law, nor can it. Accordingly, plaintiff's state law claims against YRC are preempted by the Carmack Amendment and are dismissed."); *Yonak v. United Van Lines, LLC*, 2023 WL 3900503 at *6 (N.D. Ohio June 8, 2023) (dismissing state law claims "as these claims are preempted by the Carmack Amendment.").[5] Federal courts reach the same result in construing unasserted federal claims under other statutes:

> Here, all the causes of action listed on the complaint's cover sheet and in the body of the complaint plead claims arising under state law, and no federal causes of action are evident. Although plaintiff refers to violations of the Federal Truth in Lending Act TILA provisions [sic] and violations of the Home Owners Loan Act of 1933, 12 USC 1461 [sic], she pleads no claims for relief under either statute. The mere mention of federal statutes, absent assertion of a claim under those statutes, does not provide grounds for federal question jurisdiction.

*Jimenez v. Bank of Am. Home Loans Servicing LP*, 2012 WL 353777 at *3 (C.D. Cal. Feb. 2, 2012) (citations omitted). In short, a plaintiff seeking to invoke the Carmack Amendment's federal remedy

---

[5] *See also Smith v. Coastal Moving & Storage*, 2014 WL 12843522 at *3 (W.D. Tenn. Aug. 12, 2014) ("[T]he common law claims are preempted by the Carmack Amendment and must be dismissed. Furthermore, the Plaintiffs have failed to explicitly plead a claim pursuant to the Carmack Amendment, and thus, the Plaintiffs have failed to state any cognizable claim."); *Jackson v. Brook Ledge*, 991 F. Supp. 640, 644 (E.D. Ky. 1997) ("The situation at bar mandates that this Court dismiss plaintiff's common law claims, to wit, negligence, recklessness, and gross negligence, and breach of agreement, as plaintiff's claims fall squarely within the exclusive ambit of the Carmack Amendment. . . . The case law dictates that the statutory federal remedy provided in the Carmack Amendment, 49 U.S.C. § 11707, precludes plaintiff from pursuing his common law claims."); *Vitramax Grp. v. Roadway Express, Inc.*, 2005 WL 1036180 at *1 (W.D. Ky. May 3, 2005) ("The plaintiff's common law claims of negligence and breach of contract must be dismissed because they fall squarely within the ambit of the Carmack Amendment."); *Wise v. Wheaton Van Lines, Inc.*, 2010 WL 1489901 at *1 (E.D. Mo. Apr. 13, 2010) (granting plaintiff's motion to amend its complaint to plead a claim under the Carmack Amendment) ("It is clear that Plaintiff's claim against Defendant is completely preempted by the Carmack Amendment. . . and that the proposed amended complaint is deficient and subject to dismissal for failing to specifically plead such a claim.").

must assert a Carmack Amendment claim, not the state laws claim Congress designed it to preempt. Here, CMI failed to do so, and it has not sought the Court's leave to fix its mistake.[6]

### 2. Pleading Under Fed. R. Civ. P. 8(a)(2) and Fed. R. Civ. P. 10(b)

The federal rules reinforce what the above precedent makes clear. Fed. R. Civ. P. 8(a)(2) requires plaintiffs to plead a "short and plain statement of the claim showing that the pleader is entitled to relief" and Fed. R. Civ. P. 10(b) provides that "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense." Fed. R. Civ. P. 8(a)(2); Fed. R. Civ. P. 10(b).

Fed. R. Civ. P. 8(a)(2) "is violated when the factual allegations and elements of the claim are scattered throughout the complaint." *Carter v. Kane*, 2018 WL 774468 at *2 (W.D. Pa. Feb. 8, 2018). This means that "[e]ven if the factual elements of the cause of action are present but are scattered throughout the complaint and are not organized into a 'short and plain statement of the claim,' dismissal for failure to satisfy Rule 8(a)(2) is proper." *Barron v. Cate*, 2011 WL 5828489 at *2 (E.D. Cal. Nov. 18, 2011). In effect, "the Court will not address 'factual elements of a cause of action scattered throughout [a] complaint[,]'" *Lee v. PHH Mtge.*, 2024 WL 4364139 at *4 n. 8 (D. Ariz. Sept. 30, 2024) (quoting *Linder v. Drug Enforcement Admin.*, 2018 WL 10732583 at *1 (D. Ariz. Sept. 18, 2018)), because "[i]t is not the responsibility of the Court to review a rambling narrative in an attempt to determine the number and nature of a plaintiff's claims." *Linder*, 2018 WL 10732583 at *1.

---

[6] CMI could have amended its Complaint to insert a Carmack Amendment claim within twenty-one (21) days after PMG filed its Motion but failed to do so.

9

Under Fed. R. Civ. P. 10(b), "[s]eparate counts have been required where multiple claims are asserted, the claims arise out of separate transactions or occurrences, and where they will facilitate clear presentation of the issues to provide for informed pretrial proceedings." *Davey Tree Expert Co. v. Puerto Rico Disaster Recovery, LLC*, 2023 WL 7323328 at *2 (N.D. Ohio Nov. 7, 2023); *see also* 5A Charles A. Wright & Arthur A. Miller, *Federal Practice and Procedure* § 1324 (4th ed.) ("[T]he federal courts consistently have required separate statements when separate claims are pleaded[.]").

Here, rather than assert a Carmack Amendment claim, CMI only references the Carmack Amendment in its section titled "Jurisdiction." (Doc. No. 1 at PageID # 2, ¶¶ 6-7.) Aside from those references, CMI does not mention the Carmack Amendment. Yet CMI contends that it "has certainly pled all of the above elements" (Doc. No. 12 at PageID # 91), and argues that "[a]lthough Plaintiff's claims are pled as causes of action available under Ohio state law, the elements of a *prima facie case* under the Carmack Amendment are still ***established throughout*** Plaintiff's Original Complaint." (*Id.*) (emphasis added). According to CMI, it "has carefully pled all caused [sic] of action available under Ohio state law, in addition to its cause of action under the Carmack Amendment." (*Id.* at PageID # 92.)

As the above authorities show, establishing the elements of a cause of action "throughout" the Complaint is not sufficient to assert a claim on that basis.[7] CMI's argument that "the elements of a

---

[7] The Court notes the subtle distinction between a "cause of action" and a "claim." A cause of action is analytically antecedent to a claim. A cause of action is the "group of operative facts giving rise to one or more bases for suing; a factual situation that entitles one person to obtain a remedy in court from another person[.]" Black's Law Dictionary, *Cause of Action* (12th ed. 2024). In contrast, a claim is the "demand for money, property, or a legal remedy to which one asserts a right; esp., the part of a complaint in a civil action specifying what relief the plaintiff asks for." Black's Law Dictionary, *Claim* (12th ed. 2024). A claim for relief in a complaint is therefore the plaintiff's demand (i.e., in their filed complaint) for a legal remedy to which they assert entitlement on the basis that the allegations they set forth satisfy the elements of a preexisting cause of action.

10

prima facie case under the Carmack Amendment are still established throughout Plaintiff's Original Complaint," (Doc. No. 12 at PageID # 91), constitutes an acknowledgement or concession that its unasserted Carmack Amendment claim falls far short of the standards set by Fed. R. Civ. P. 8(a)(2) and Fed. R. Civ. P. 10(b). Accordingly, this Court rejects CMI's attempt to read a hidden claim under the Carmack Amendment into its Complaint.

Because CMI has failed to direct the Court to a federal claim consistent with the requirements of Fed. R. Civ. P. 8(a)(2), Fed. R. Civ. P. 10(b), and this Court's precedent, the Court finds that it lacks federal question jurisdiction under 28 U.S.C. § 1331.[8]

### B. Lack of Diversity Jurisdiction

Article III also extends jurisdiction to controversies "between Citizens of different States[.]" U.S. Const., art. III, § 2. Congress limited the scope of diversity jurisdiction to cases "where the

---

[8] At the motion to dismiss stage, the Carmack Amendment's preemptive force requires the Court to dismiss the preempted state law claims. *See Carr*, 2006 WL 2294873 at *2; *Frankenmuth Mut. Ins. Co.*, 2008 WL 3836535 at *1; *Acuity*, 2013 WL 646218 at *4; *Yonak*, 2023 WL 3900503 at *6. However, in the removal context, the doctrine of "complete preemption" provides a narrow exception to the well-pleaded complaint rule. It allows a defendant to remove a state court action asserting only state-law claims to federal court where "the pre-emptive force of a statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim . . . Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) (quoting *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 64 (1987)). Some courts "within [the Sixth] Circuit have found the Carmack Amendment to completely preempt state law claims." *Tennessee Wholesale Nursery v. Wilson Trucking Corp.*, 2013 WL 5236733 at *3 (M.D. Tenn. Sept. 17, 2013) (collecting cases); *Solectron USA, Inc. Ex rel. Fidelity & Deposit Co. Of Maryland v. Fedex Ground Package System*, *Inc.*, 520 F. Supp. 2d 904, 908 (W.D. Tenn. 2007) ("[T]he Carmack Amendment, when it applies, converts a state common-law claim into a federal question claim, allowing removal to federal court under 28 U.S.C. 1441(b)."). Other courts have reached the opposite conclusion. *See, e.g., Lamm v. Bekins Van Lines Co.*, 139 F. Supp. 2d 1300, 1310 (M.D. Ala. 2001) ("All of this textual evidence convinces this court that Congress did not intend to establish complete preemption of state-law claims by the Carmack Amendment[.]"). Ultimately, "[n]umerous courts have addressed whether the Carmack Amendment 'completely preempts' state laws in the area. The courts appear to be equally divided on the question." *Hoover v. Allied Van Lines, Inc.*, 205 F. Supp. 2d 1232, 1237 (D. Kan. 2002) (collecting cases). This court need not take sides in that ongoing debate because the "complete preemption" doctrine is "procedurally distinguishable" from this case: this Court is not deciding a motion to remand under 28 U.S.C. § 1447, but a motion to dismiss pursuant to Fed. R. Civ. P. 12(b). *Koolaire, LLC v. Cardinal Transp., Inc.*, 2010 WL 2541812 at *8 (N.D. Ohio May 19, 2010) (explaining that "[a] different procedural rule is at issue here.").

matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different states[.]" 28 U.S.C. § 1332.

CMI's "demand for the relief sought" under Fed. R. Civ. P. 8(a)(3) includes only a request for a "Judgment against Defendants, jointly and severally, in the amount of $50,000 with statutory interest from the date of judgment plus costs of this action." (Doc. No. 1 at PageID# 7.)  Because CMI's requested damages of $50,000 are less that the jurisdictional amount necessary to establish diversity jurisdiction, this Court lacks diversity jurisdiction over this action under 28 U.S.C. § 1332.

## IV.  Conclusion

For the reasons set forth above, the Court finds that it lacks federal-question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332. Therefore, the Court lacks subject-matter jurisdiction over this action, so it does not reach PMG's arguments for dismissal pursuant to Fed. R. Civ. 12(b)(6).  Accordingly, the Court GRANTS Defendant PMG's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and the Complaint is DISMISSED WITH PREJUDICE.

**IT IS SO ORDERED.**

Date:  January 24, 2025

  s/Pamela A. Barker
PAMELA A. BARKER
U. S. DISTRICT JUDGE